IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 3, 2023

## MASQUERADE FUNDRAISING, INC. V. PATRICK HORNE, ET AL.

Appeal from the Chancery Court for Knox County
No. 199954-3          Clarence E. Pridemore, Jr., Chancellor
————————————————————

### No. E2022-00927-COA-R9-CV
————————————————————

The plaintiff corporation filed this action against the defendant independent contractors, alleging, inter alia, that the defendants violated their contracts and covenants not to compete. We granted this interlocutory appeal in which the defendants request review of the trial court's denial of their motion in limine to exclude an email sent to defense counsel that contains privileged information. The email was inadvertently attached as an exhibit on two separate briefs filed with the court by defense counsel and then repeatedly referenced by defendants in later briefs in response to a motion to disqualify counsel and for sanctions. The trial court held that the repeated disclosure of the email operated as a waiver of the attorney-client privilege. We affirm the trial court.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and KENNY ARMSTRONG, JJ., joined.

J. Christopher Clem, Chattanooga, Tennessee, for the appellants, Patrick Horne and Carlos Horne.

Shelley S. Breeding, Nancyjane B. Sharp, and Adam R. Duggan, Knoxville, Tennessee, for the appellee, Masquerade Fundraising, Inc.

## OPINION

## I. BACKGROUND

Masquerade Fundraising, Inc. ("Masquerade" or "Plaintiff") is a Tennessee corporation licensed in Knox County, Tennessee. Masquerade operates nationally as a provider of goods and services at hospital fundraising events through its independent contractors. Primarily, the independent contractors are responsible for selling $5 jewelry and accessories at these fundraising events across the United States, where a portion of the proceeds are given to the hospital hosting the event and to Masquerade's corporate office.

Carlos Horne has worked with Masquerade since its inception in 2006. Carlos[1] first served as an officer from 2006 through October 1, 2019, when he was removed from his positions of Vice President and Chief Operating Officer. He continued working with Masquerade as an independent contractor; however, he either never executed an independent contractor agreement or the agreement was later removed from Masquerade's records. Carlos was assigned a territory to cover in which he consistently promoted Masquerade, scheduled and reserved shows on the website, and sold the items at the fundraising event. He was then tasked with remitting a portion of his proceeds to Masquerade and to the hospital that hosted the event.

Carlos's brother, Patrick Horne, began working with Masquerade pursuant to an oral agreement. The agreement was later reduced to writing in June 2009 and again in June 2016. Patrick was also given a territory to cover in which he was required to promote Masquerade, schedule and reserve shows, and sell the items at the fundraising event. He was also tasked with remitting a portion of his proceeds. His agreement included a covenant not to compete for a period of one year following his employment.

Plaintiff filed this action against Patrick and Carlos (collectively "Defendants") on March 23, 2020, alleging a myriad of claims arising from their continuing to schedule and hold events without providing the agreed upon proceeds to Masquerade. As to Carlos, Plaintiff alleged that he held at least two shows in February 2020 for which he did not report his sales and has failed or refused to pay his commissions as previously agreed. Plaintiff likewise alleged that Patrick gave 60 days' notice of his intent to sever his employment; however, he has still hosted events without reporting his sales and has failed or refused to pay his commissions for the 2020 year. In addition to its claims for relief, Plaintiff requested a temporary restraining order, a temporary injunction, and a permanent injunction, all prohibiting Defendants from using the Masquerade name and trademark and from conducting shows or sales. A temporary restraining order was entered on April 2, 2020, but has since expired as of April 17, 2020.

---

[1] Our reference to the defendants in this case by first name is for clarity purposes only.

As pertinent to this appeal, Defendants filed a brief in opposition to Plaintiff's request for a temporary injunction on June 24, 2020, and again on June 29. Defense counsel included a number of emails as exhibits in support of each brief, detailing interactions with opposing counsel concerning the action. Defense counsel also inadvertently included an email from Patrick, dated March 22, 2020, in which Patrick informed defense counsel of the actions he and Carlos had taken since leaving Masquerade, specifically the establishment of a new website independent of Masquerade. The brief, along with the attached email, were served on counsel and filed with the court twice.

Patrick alerted defense counsel to the error on July 30, 2020, and defense counsel orally moved to exclude the email the next day on July 31. Defendants then filed a written motion in limine to exclude the email on August 4, requesting an order preventing Plaintiff from "utilizing, relying on or in any way utilizing that certain email sent from Patrick Horne" to defense counsel. Defendants argued that the email was a disclosure from a client to his attorney that was inadvertently attached to two separate briefs, neither of which involved the subject matter of the email. Defendants later filed a motion to strike the inadvertently included email from the record.

Plaintiff responded in opposition to the motion in limine, arguing that the disclosure of the email waived the attorney-client privilege inherent in such a communication. Plaintiff argued that (1) Defendants offered no evidence of any precautions taken to prevent the disclosure of such a communication; (2) that the email was served upon opposing counsel twice and filed with the court twice; (3) that Defendants moved to exclude the email 36 days after the initial disclosure; and (4) that it has relied upon the email and spent countless hours examining the evidence and preparing for the hearing. Plaintiff explained that Defendants were even questioned about the email in depositions without objection and that the email had also been discussed with the court in telephone hearings without objection prior to July 31.[2]

On August 17, 2020, Plaintiff filed a motion to disqualify defense counsel and for discovery sanctions, arguing that counsel had repeatedly violated the Tennessee Rules of Professional Conduct by "offering, using, and affirming" the validity of evidence he knew was false as evidenced by the contents of the aforementioned email. Plaintiff asserted that the facts contained in the email directly contradicted Defendants' responses to requests for admission; deposition and court testimony provided by Carlos; and deposition testimony provided by Patrick. Defendants filed responses to the motion to disqualify and to the motion for sanctions, in which they discussed the contents of the email and included a copy of the email for the court's consideration.

Almost one year after the inadvertent disclosure, a hearing on the motion in limine

---

[2] The court noted that the transcript from the deposition and the telephone call did not reflect a discussion of the email or its contents.

and motion to strike was finally held via teleconference on July 21, 2021, after which the trial court denied the motion to strike, finding that it was not timely filed and was deficient for failure to comply with Rule 12.06 of the Tennessee Rules of Civil Procedure.

As to the motion in limine, the court held that the attorney-client privilege applicable to the email was waived by counsel's disclosure of the email to opposing counsel and by filing the email in the court's record on multiple occasions. In so holding, the court relied upon counsel's discussion of the contents of the email and its inclusion of the email in its replies to Plaintiff's motion to disqualify and for sanctions. Citing Rule 26.02(5) of the Tennessee Rules of Civil Procedure,[3] the court stated,

> As the [c]ourt views the issue, the steps [taken] after the initial disclosure, or even the second disclosure, is the problem that the [c]ourt cannot ignore. Counsel for Defendants not only affirmatively puts the email into the [c]ourt's record for a third and fourth time, but also discusses the substance and contents of the email at length in its briefs pertaining to these motions as well as the additional issues that have resulted in the first two disclosures. Additionally, the affidavits of [Patrick] discuss the contents of the alleged privileged communication. Any of these actions alone could result in a waiver of the privilege. The [c]ourt recognizes that one cannot defend against the allegations in the Motion to Disqualify that the email in question evidences fraud without discussing the contents of that email. However, there are mechanisms to respond to those allegations while also preserving the attorney-client privilege. Specifically, counsel could have filed a motion for a protective order or a motion for leave to file its brief under seal. Counsel could have also initially motioned for a Rule 104 hearing about the existence of privilege and motioned to seal the original and have any references to it be stricken from the record. At any rate, counsel for Defendants has proceeded in this case without taking steps to further preserve the information. Counsel for Defendants subsequent actions after filing the Motion in Limine cannot be said to be reasonable steps to rectify the error when those actions could independently operate as a waiver of the privilege.

Following the hearing, the court entered an order permitting the deposition of defense counsel concerning "the email content, the affidavits filed in this matter, the discovery signed and filed, and communications with the Board of Professional Responsibility" prior

---

[3] "If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved."

to the hearing on the motion to disqualify counsel, scheduled for August 18, 2021.

The court later clarified that the waiver of the attorney-client privilege applied solely to the disclosure of the email and did not support any attempt to discover every confidential communication between counsel and Defendants concerning the email. However, the trial court entered an agreed order granting an interlocutory appeal caused by its rulings related to the email pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. We granted the Rule 9 application.

## II. ISSUES

The issues certified by this court for review are as follows:

A.      Whether the inadvertently produced email waived attorney-client privilege.

B.      If production of the email resulted in waiver of attorney-client privilege, what is the scope of said waiver and can additional discovery with regard to the waived attorney-client privilege be pursued.

## III. STANDARD OF REVIEW

"Appellate courts review a trial court's decision regarding attorney-client privilege using the abuse of discretion standard." *Pagliara v. Pagliara*, 614 S.W.3d 85, 89 (Tenn. Ct. App. 2020) (citing *Boyd v. Comdata Network, Inc.*, 88 S.W.3d 203, 211 (Tenn. Ct. App. 2002)). "An abuse of discretion occurs when the trial court . . . appl[ies] an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011).

## IV. DISCUSSION

### A.

In Tennessee, the attorney-client privilege is codified at Tennessee Code Annotated section 23-3-105, which provides as follows:

No attorney, solicitor or counselor shall be permitted, in giving testimony against a client or person who consulted the attorney, solicitor or counselor professionally, to disclose any communication made to the attorney, solicitor

or counselor as such by such person during the pendency of the suit, before or afterward, to the person's injury.

We, like the trial court, acknowledge that the email was sent from a client to his counsel in anticipation of the present litigation, thereby subjecting such communication to the attorney-client privilege.

Defendants urge this court to hold that the inadvertent disclosure of the email does not operate as a waiver of the attorney-client privilege pursuant to Rule 502 of the Tennessee Rules of Evidence, which provides as follows:

Inadvertent disclosure of privileged information or work product does not operate as a waiver if:

(1)      the disclosure is inadvertent,

(2)      the holder of the privilege or work-product protection took reasonable steps to prevent disclosure, and

(3)      the holder promptly took reasonable steps to rectify the error.

Plaintiff argues that Defendants were aware of the inclusion of the email prior to July 30, 2020 and that Defendants were questioned concerning the contents of the email. The record confirms that the email was specifically referenced in a deposition transcript on July 28, 2020. Plaintiff's counsel, when speaking to the trial court, stated as follows:

And, Your Honor, in response to that, briefly, I would like to point out that [defense counsel] submitted to this Court an e-mail that shows [Patrick] has been directly involved with the promotion and the Facebook pages and the website and -- there is direct involvement by his own admission in an exhibit that [defense counsel] submitted.

Defendants respond that instead of alerting defense counsel to the inclusion of the privileged communication pursuant to Rule 4.4(b) of the Tennessee Rules of Professional Conduct,[4] Plaintiff carefully laid a trap in its Requests for Admissions and through its taking of depositions by asking questions about the information contained in the email

---

[4] "(b) A lawyer who receives information . . . relating to the representation of the lawyer's client that the lawyer knows or reasonably should know is protected . . . and has been disclosed to the lawyer inadvertently . . . , shall: (1) immediately terminate review or use of the information; (2) notify the person, or the person's lawyer if communication with the person is prohibited by RPC 4.2, of the inadvertent or unauthorized disclosure; and (3) abide by that person's or lawyer's instructions with respect to disposition of written information or refrain from using the written information until obtaining a definitive ruling on the proper disposition from a court with appropriate jurisdiction."

without specifically disclosing its possession of the same.[5]

The record reflects that Patrick alerted counsel to the inclusion of the email two days after the quoted deposition, on July 30, thereby prompting counsel to request its exclusion the following day on July 31. We agree with the trial court that the record supports a finding that the initial disclosure of such communication was inadvertent as evidenced by the privileged information contained in the email, its inclusion in a grouping of other email communications as an exhibit, and the timing of its discovery. We also acknowledge that defense counsel promptly took steps to rectify the error by moving for the exclusion of the email one day after defense counsel's discovery. However, the record is devoid of any evidence establishing the reasonable steps defense counsel took to prevent the privileged communication's inadvertent disclosure in accordance with the requirements of Rule 502. The email has also now been repeatedly cited by defense counsel in its defense against the motions for recusal and for sanctions and has been read by all parties, the trial court, and now this appellate court. Plaintiff argues that "the bell has been rung" and that it "cannot be expected to unsee what has been seen, discussed, litigated, complained about, and appealed for over two years." With all of the above considerations in mind, we find no abuse of discretion in the trial court's ultimate holding that the inadvertent production of the email operated as a waiver of the attorney-client privilege and that the email is now admissible.

B.

Having affirmed the trial court's holding that the email is admissible, we must now consider whether the waiver of the attorney-client privilege extends beyond the email. While the trial court found that defense counsel's intentional disclosures of the email in response to Plaintiff's motions supported a waiver of privilege, the court stopped short of granting Plaintiff's assertion that the waiver should extend beyond the email itself and to any undisclosed communications concerning the same subject matter as the email, e.g., advice, notes, memoranda, drafts, and the like that are related to the email.

Plaintiff argues that the fairness doctrine requires a subject matter waiver when Defendants have now placed the email in controversy in support of their defense of the motions for recusal and sanctions. *See Arnold v. City of Chattanooga*, 19 S.W.3d 779, 787 (Tenn. Ct. App. 1999) ("The scope of the waiver by disclosure is defined by the fairness doctrine, which aims to prevent the prejudice and distortion that may be caused by one party's selective disclose of otherwise protected information.") (citation omitted). Plaintiff further requests a general ruling that a waiver of privilege necessarily results in a complete

---

[5] The Tennessee Board of Professional Responsibility dismissed defense counsel's complaint concerning Plaintiff's failure to alert opposing counsel of the disclosure.

subject matter waiver, noting that no Tennessee case has outlined the context for assessing the scope of such a waiver.

A panel of this court declined to offer an advisory opinion on the matter in 2020. *See Pagliara v. Pagliara*, 614 S.W.3d 85, 88 (Tenn. Ct. App. 2020). In *Pagliara*, the wife could only recall that her friend was present in some meetings with her counsel where they discussed whether to pursue criminal charges against her husband. 614 S.W.3d at 89-90. She agreed that she had waived privilege in those meetings but maintained that the attorney-client privilege applied to all other meetings where her friend was not present. *Id.* We found no need to determine the applicability of the subject matter waiver doctrine due to the "wife's inability to establish attorney-client privilege concerning any of the specific meetings and communications." *Id.* at 90.

We likewise decline the opportunity to provide such a determination in this case when the record cannot be read to support a finding that Defendants voluntarily or selectively disclosed otherwise protected information. Rather, defense counsel inadvertently disclosed one crucial communication that counsel was then forced to defend in response to a barrage of allegations filed by Plaintiff. Defense counsel could not defend against such allegations without citing the email that had already been read by all parties. Any citation to the inadvertently disclosed communication was also made in accordance with Rule 1.6(b)(5) of the Tennessee Rules of Professional Conduct.[6] With all of the above considerations in mind, we find no abuse of discretion in the trial court's limiting the scope of the waiver to the production of the email.

## V. CONCLUSION

For the reasons stated above, we affirm the decision of the trial court. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed one-half to the appellants, Patrick Horne and Carlos Horne, and one-half to the appellee, Masquerade Fundraising, Inc.

_____
JOHN W. MCCLARTY, JUDGE

---

[6] "(b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary: . . . to respond to allegations in any proceeding concerning the lawyer's representation of the client[.]"